Melvin **HESTON**, Plaintiff,

v.

**CHICAGO AND NORTH WESTERN RAILWAY COMPANY, a corporation, Defendant.**

**Civ. A. No. 71 C 1234.**

United States District Court,
N. D. Illinois, E. D.

April 14, 1972.

Steinberg, Burtker & Kages, Chicago, Ill., for plaintiff.

James P. Daley and Kenneth J. Wysoglad, Chicago, Ill., for defendant.

MEMORANDUM ORDER

PERRY, District Judge.

This case involves a railroad brakeman injured on the job who, with his

attorney, entered into an oral settlement of his cause of action at a pretrial conference and then refused to execute the releases.

Defendant has moved for a summary judgment on the ground that the matter was compromised and settled in full at a pretrial conference. Plaintiff contends the settlement is a nullity for reasons hereinafter set forth. The court has read and considered defendant's motion for summary judgment with brief in support, plaintiff's answer and memoranda and defendant's reply.

This cause of action arose out of injuries sustained by plaintiff when he fell from a box car while employed as a brakeman at the Proviso, Illinois yards of defendant railroad. Suit is brought against defendant under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq.

On November 16, 1971, a pre-trial conference was held before Carl B. Sussman, Magistrate, United States District Court, Northern District of Illinois. Present at this conference were the plaintiff, his attorneys, the claims supervisor of the defendant railroad and the defendant's attorney. During the course of this pre-trial conference and in the presence of Magistrate Carl B. Sussman and the plaintiff's attorneys, the defendant's representatives offered the sum of $25,000.00 in full settlement of the case. The plaintiff accepted this offer in the presence of all the mentioned persons. Furthermore, the plaintiff's attorneys agreed to the settlement in the presence of the magistrate. The defendant thereupon forwarded releases to the plaintiff's attorney for execution by the plaintiff; when the plaintiff refused to execute the releases and returned them to the defendant by February 25, 1972, the defendant moved for summary judgment on the basis that the matter was compromised and settled in full between the parties.

The plaintiff does not deny that a settlement was reached at the time of the conference, but contends that the settlement is a nullity because there existed at the time of the pre-trial conference a mutual mistake of fact between the plaintiff, his attorneys and the attorneys and agents of the defendant. The plaintiff's position is that at the time of the purported settlement, he was relying on the prognosis of the attending physician. This prognosis is set forth in a letter from the attending physician to the medical director of defendant which is attached to the plaintiff's answer and which states in part, "The man has a definite permanent disability because of the compression of L2 fracture which in the future will develop in some arthritic changes, and because of the marked comminuted fracture in the left wrist he will also develop some osteoarthritic changes, in the future in the left wrist. He will not be in need of any future hospitalization or surgery." Subsequent to the conference before Magistrate Sussman, specifically on November 21, 1971, the plaintiff contends that he suffered a muscle spasm which temporarily disabled him and required his hospitalization. The plaintiff contends that the physician told him at that time that he would probably have muscle spasms such as the one which disabled him for the rest of his life.

Both the plaintiff and the defendant rely on the case of Good v. Pennsylvania Railroad Co., 263 F.Supp. 84 (E.D.Pa. 1967), 384 F.2d 989 (3rd Cir. 1967). That case was an action for damages for personal injury under the Federal Employees Liability Act, 45 U.S.C. 51 et seq. At a pre-trial conference in the presence of the judge, the defendant offered $15,000.00 in settlement of the case. The plaintiff's counsel accepted the offer on the following day. Releases were forwarded to the plaintiff, but the plaintiff refused to sign them. The case was restored to the civil jury calendar. The court denied defendant's motion for summary judgment which was based on prior settlement. The case was tried before a jury which brought in a verdict of $37,500.00 in favor of the plaintiff. The district court then entered a judgment N.O.V. in favor of the defendant on the ground that the settlement barred the

recovery. The action of the district court was affirmed on appeal.

The plaintiff contends that the facts of the *Good* case are distinguishable from this case. The plaintiff relies on the following language in the *Good* case, at page 85, "In the case at bar, there is no allegation of fraud, mutual mistake, or lack or inadequacy of consideration making the contract unconscionable or against the policy and purpose of the F.E.L.A." It is the plaintiff's position that reliance was placed on the physician's prognosis that further hospitalization would not be needed and that this reliance resulted in mutual mistake of fact which rendered the oral settlement a nullity.

In support of his position, the plaintiff cites the case of Hollis v. Terminal R. R. Assoc. of St. Louis, 72 Ill.App.2d 13, 218 N.E.2d 231, which involved a railway employee who was injured on June 23, 1961, while working on the railroad. The plaintiff there was hospitalized for a short time, but returned to work in the beginning of July, 1961. Shortly after returning to work he executed a release for $130.00. Thereafter, in 1963 the plaintiff reinjured his back while pulling the cord on his lawn mower and in September 1963, he once again injured his back while on the job resulting in his becoming permanently industrially unemployable. The plaintiff sued and the defendant pleaded the affirmative defense of the executed release. Testimony showed that both parties were under the mistaken impression at the time the release was executed that the plaintiff had suffered no more than a sprain.

The facts in the case before this court are distinguishable from the *Hollis* case. The medical records available to both parties at the time of the pre-trial conference in this case and relied on by both parties in supporting their present positions, stated that the plaintiff had a permanent disability due to an injury to his lumbar spine. The plaintiff does not contend that any new injury was discovered after the pre-trial conference. The diagnosis of the cause of the muscle spasm of November 21, 1971 shows that it was due to the precise injury which was known to all parties at the time of the pre-trial conference, specifically a compression of vertebra of the lumbar spine. The very fact that the settlement in the present case was $25,000.00 as compared to $130.00 in the *Hollis* case demonstrates that the parties realized that they were dealing with a permanent injury rather than a temporary one. No one was more aware of the permanent nature of the injury than the plaintiff himself when, at the time of the pre-trial conference, he remained in pain and under medication for the injury. Realizing the nature of his injury and in the presence of his attorneys, he accepted a substantial settlement; certainly this is different than accepting $130.00 from a claims agent a few weeks after the injury.

 The validity of a release attacked in an F.E.L.A. case is governed by federal law, Dice v. Akron, C. & Y. R. Co., 342 U.S. 359, 72 S.Ct. 312, 96 L. Ed. 398 (1952). In order to rescind or invalidate such a release, it is necessary to show a mistake concerning past or present facts material to the agreement; a mistake as to the future effect of presently known facts will not affect the validity of the agreement. Chicago & N. W. Ry. Co. v. Wilcox, 116 F. 913 (8th Cir. 1902), Chicago & N. W. Ry. Co. v. Curl, 178 F.2d 497 (8th Cir. 1949). Viewing the facts here presented, in the light most favorable to the plaintiff, it is clear that the mistake, if any existed, was merely a mistake as to the exact future effect of an injury which was fully known to the plaintiff at the time of the settlement to be of a permanent, painful and serious nature.

Defendant's motion for summary judgment is granted. It is hereby ordered that judgment be entered in favor of the plaintiff and against the defendant in the amount of the settlement, that is $25,000.00, and that the defendant pay over to the plaintiff said amount less $1,651.00 (representing the amount withheld for Railroad Unemployment Insurance Benefits) for a net amount of $23,349.00, without costs to either party.