GUST v CONSOLIDATED RAIL CORPORATION

Docket No. 57804. Submitted March 9, 1982, at Detroit.—Decided May 5, 1982.

Robert E. Gust brought an action for compensation for injuries allegedly sustained in the course of his employment as a locomotive engineer. He alleged the injuries were sustained as a result of the failure of the defendant, Consolidated Rail Corporation, his employer, to provide a safe place to work. The Wayne Circuit Court, Irwin H. Burdick, J., granted defendant's motion for accelerated judgment holding that plaintiff's claim was barred by a general release executed by him. Plaintiff appeals alleging that the release was bargained for on the mutually mistaken assumption that the injuries had not resulted in a present permanent disability. *Held:*

1. The validity of a release under the Federal Employers' Liability Act is determined by federal, not state, law.

2. To rescind or invalidate the release plaintiff must show a mistake concerning past or present facts material to the agreement; a mistake as to the future effect of presently known facts will not suffice.

3. The order for accelerated judgment should not have been entered since the issue of the invalidity of the release on account of mutual mistake was a factual issue for determination by a jury.

Reversed and remanded.

1. Release — Federal Employers' Liability Act.

The validity of a release under the Federal Employers' Liability Act is determined by federal, not state, law (45 USC 51 *et seq.).*

2. Release — Mistake in Facts — Federal Employers' Liability Act.

It is necessary to show a mistake concerning past or present facts

References for Points in Headnotes

[1-3] 32 Am Jur 2d, Federal Employer's Liability and Compensation Acts § 10.

66 Am Jur 2d, Release § 14.

[2] 66 Am Jur 2d, Release § 19.

[3] 66 Am Jur 2d, Release § 64.

material to a release, not a mistake concerning the future effect of presently known facts, in order to rescind or invalidate a release under the Federal Employers' Liability Act (45 USC 51 *et seq.*).

3. RELEASE — JURY QUESTIONS — FEDERAL EMPLOYERS' LIABILITY ACT.
The issue of the invalidity of a release on account of mutual mistake, under the Federal Employers' Liability Act, is a factual issue for the jury and should not be decided on a motion ·for accelerated judgment (45 USC 51 *et seq.*).

*Otis, Peters, Becker & Pietsch, P.C.* (by *Robert Van Cleef*), for plaintiff.

*Frasco, Hackett & Durkin* (by *Colin H. John, Jr.*), for defendant.

Before: D. C. RILEY, P.J., and R. B. BURNS and S. EVERETT,* JJ.

S. EVERETT, J. This is a Federal Employers' Liability Act, 45 USC 51 *et seq.* (hereinafter FELA) action brought by the plaintiff, a locomotive engineer, for compensation for injuries he claimed were sustained in the course of his employment as a result of the failure of the defendant, his employer, to provide a safe place to work. The plaintiff was exposed to toxic and noxious fumes and gases. He received medical attention and missed two days of work. Shortly thereafter, he met with defendant's claim agent, settled his claim for $650 and executed a general release.

Plaintiff instituted this action claiming that he ultimately developed pulmonary and respiratory problems related to the incident at work. He contends that there was a mutual mistake as neither he nor his employer was aware of the nature of the injuries and that they were not ascertainable

---

* Circuit judge, sitting on the Court of Appeals by assignment.

at the time of his physical examination. On motion for accelerated judgment, the suit was dismissed on the basis that the claim was barred by the release. Plaintiff appeals as a matter of right.

The validity of a release under FELA is determined by federal, not state, law. *Dice v Akron, C & Y R Co,* 342 US 359, 361; 72 S Ct 312, 314; 96 L Ed 398, 403 (1952). In order to rescind or invalidate a release, it is necessary to show a mistake concerning past or present facts material to the agreement. A mistake as to the future effect of presently known facts will not affect the validity of the agreement. *Heston v Chicago & NW R Co,* 341 F Supp 126 (ND Ill, 1972).

In *Taylor v Chesapeake & O R Co,* 518 F2d 536 (CA 4, 1975), it was held that a release bargained for on the mistaken assumption that the injured employee's injuries had not resulted in a present, permanent disability did not support dismissal, but that in such a case the issue of the invalidity of the release on account of mutual mistake was for the jury. It is plaintiff's claim that such a mistaken assumption was made both by himself and defendant's representative. It appears, therefore, that the order of accelerated judgment should not have been entered, there being a factual issue for determination by a jury.

Reversed and remanded. Costs to appellant.