GRAMER v GRAMER

Docket No. 157638. Submitted August 1, 1994, at Detroit. Decided
October 3, 1994, at 9:05 A.M.

Anthony S. Gramer brought an action in the Oakland Circuit
Court against Gwen Gramer, his former spouse, seeking dam-
ages for false arrest, false imprisonment, malicious prosecution,
and abuse of process arising out of a criminal complaint alleg-
ing spousal abuse lodged against him by the defendant during
the pendency of the parties' divorce action. The defendant filed
a counterclaim for intentional infliction of emotional distress,
moved for dismissal on the basis of a release contained in the
property settlement agreement incorporated in the judgment of
divorce, and sought costs under MCR 2.625(A)(2) on the basis of
the frivolous nature of the plaintiff's action. The trial court,
Deborah G. Tyner, J., dismissed both the plaintiff's complaint
and the defendant's counterclaim, finding that the property
agreement was intended to determine "all matters of property,
and all other claims or rights between them which may have
arisen or might arise out of the marriage relationship between
them and as a result of the action for divorce." The court
refused to award costs. The plaintiff appealed, and the defen-
dant cross appealed.

The Court of Appeals *held:*

1. The property settlement clearly purported to settle all
claims or rights between the parties arising out of the marriage
and. divorce. That language would include any existing or
future tort claim brought by one spouse against the other
where the claim arose out of the marriage or divorce. Accord-
ingly, the trial court properly dismissed the plaintiff's com-
plaint.

2. Because the plaintiff's cause of action clearly was barred
by the property settlement agreement, the trial court erred in
refusing to award costs under the court rule on the basis of the
plaintiff's action being frivolous.

Affirmed, but remanded for proceedings to award costs pursu-
ant to MCR 2.625(A)(2).

*Materna, Custer & Associates* (by *Michael T.
Materna*), for the plaintiff.

*Vestevich, Mallender, DuBois & Dritsas, P.C.* (by *Philip Vestevich*), for the defendant.

Before: TAYLOR, P.J., and CONNOR and M. J. CALLAHAN,* JJ.

TAYLOR, P.J. Plaintiff appeals as of right from the trial court's order dismissing his claims of false arrest, false imprisonment, malicious prosecution, and abuse of process on the basis of release. MCR 2.116(C)(7). Plaintiff's claims were based on a criminal complaint alleging spousal abuse lodged against him by defendant, his ex-wife, and on plaintiff's subsequent arrest during the pendency of the parties' divorce action. Defendant cross appeals from the trial court order denying her request for costs and attorney fees. We affirm and remand.

The trial court's dismissal of plaintiff's claims was based upon language in the parties' property settlement agreement, which was incorporated by reference into the judgment of divorce and stated in pertinent part:

> WHEREAS, the parties are desirous of definitely and for all times settling and determining all matters of property, and all other claims or rights between them which may have arisen or might arise out of the marriage relationship between them and as a result of the action for divorce . . . .

Plaintiff argues that the parties did not intend to include his tort claims against defendant in their property settlement agreement because those claims do not constitute marital property. Defendant, however, argues that the property settlement agreement was intended to settle all claims that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

arose out of the marriage and divorce and that because plaintiff's tort claims were a result of the marriage and divorce, they were released pursuant to the property settlement agreement.

Judgments entered pursuant to the agreement of parties are of the nature of a contract. *Massachusetts Indemnity & Life Ins Co v Thomas,* 206 Mich App 265, 268; — NW2d — (1994). Furthermore, a settlement agreement, which is what this property settlement agreement is, is a contract and is to be construed and applied as such. *Id.; supra; Eaton Co Bd of Road Comm'rs v Schultz,* 205 Mich App 371, 379; — NW2d — (1994). Absent a showing of factors such as fraud or duress, courts act properly when they enforce such agreements. *Balabush v Balabush,* 199 Mich App 661, 662; 502 NW2d 381 (1993). Interpretation of unambiguous and unequivocal contracts is a question of law. *In re Loose,* 201 Mich App 361, 366; 505 NW2d 922 (1993).

In the instant case, there is no claim of any factor such as fraud or duress. The language of the release provision is unambiguous and unequivocal. In such cases, the scope of a release is governed by the intent of the parties as it is expressed in the release. *Rodriguez v Solar of Michigan, Inc,* 191 Mich App 483, 496; 478 NW2d 914 (1991). The parties' property settlement agreement clearly expresses their intent to settle "for all times . . . all claims or rights between them" arising out of the parties' marriage and subsequent divorce. Plaintiff's tort claims against defendant arose out of the parties' marriage relationship and, therefore, were subject to the parties' agreement. The trial court's construction of this agreement was proper in light of the clear contractual language.

Further, a right of action has been determined to be property subject to property division. *Heil-*

*man v Heilman,* 95 Mich App 728, 731; 291 NW2d 183 (1980). Accordingly, plaintiff's tort claims were includable in the property settlement agreement. Even assuming plaintiff's tort claims are not marital property, the property settlement agreement unambiguously expresses the parties' intention to resolve more than claims regarding marital property. The release pertains to "all matters of property, *and all other claims or rights* between [the parties] . . . ." A property agreement that purports to settle all claims arising from the marriage and divorce bars future or existing tort claims brought by one spouse against another. Therefore, we affirm the dismissal of plaintiff's claims.

The trial court refused to grant costs and attorney fees pursuant to MCR 2.625(A)(2). We will not reverse a trial court's finding concerning whether a claim was frivolous unless the finding was clearly erroneous. *Vermilya v Dunham,* 195 Mich App 79, 84; 489 NW2d 496 (1992). Because the plaintiff's cause of action clearly was barred by the property settlement agreement, the trial court did clearly err in refusing to award sanctions.

Affirmed. We remand to the trial court for proceedings to award sanctions pursuant to MCR 2.625(A)(2).