# STATE OF MICHIGAN

# COURT OF APPEALS

BRUCE E. RUBEN, M.D., P.C.,

      Plaintiff-Appellee/Cross-Appellant,

v

BRIAN BADGETT,

      Intervening Plaintiff,

and

ALLSTATE INSURANCE COMPANY,

      Defendant-Appellant/Cross-
      Appellee.

UNPUBLISHED
October 11, 2016

No. 326717
Oakland Circuit Court
LC No. 2002-041588-NF

ALLSTATE INSURANCE COMPANY,

      Plaintiff/Counter-Defendant,

v

BRUCE E. RUBEN M.D., PC,

      Defendant/Counter-Plaintiff.

Oakland Circuit Court
LC No. 2013-136272-NF

Before: SHAPIRO, P.J., and HOEKSTRA and RONAYNE KRAUSE, JJ.

PER CURIAM.

Allstate appeals as of right an opinion and order granting Ruben's motion for relief concerning an arbitration agreement and the value of medical services charged to Allstate as the no-fault insurance company of intervening plaintiff, Brian Badgett. Ruben cross-appeals as of right the same opinion and order granting Allstate's motion to vacate an arbitration award. We vacate the portion of the opinion and order granting Ruben's motion for relief and remand for further proceedings consistent with this opinion.

-1-

## I. FACTS AND PROCEDURAL HISTORY

In 1990, Badgett was injured as a pedestrian in a car accident, and is entitled to receive no-fault benefits from Allstate Insurance Company (Allstate). Badgett suffers from a permanent state of infection and has been treated by Bruce Ruben, M.D., since the accident. Following a jury trial involving a dispute over Ruben's charges to Allstate for medical services and products provided to Badgett, the parties entered into a final judgment intended to govern any future disputes regarding the value of services provided by Ruben and charged to Allstate.

The parties agreed to use the values determined by the jury for those products and services listed in the jury verdict form, and for those products and services not listed in the jury verdict form, the final judgment states:

> [W]ith respect to any Disputed or Potentially Disputed Item that is found to be medically necessary for the care and treatment of Badgett, or with respect to any item not on the Jury Verdict Form but which the parties agree to be medically necessary, the reasonable and customary charge which Allstate shall pay for such item shall be defined by the 85th percentile for the geographical situs in which the treatment is provided to Badgett as set forth in the most recently published INGENIX manual.

The final judgment also provides for a dispute resolution process. First, with regard to any disputed item, the parties should negotiate amongst themselves to resolve the dispute. If the parties cannot resolve the dispute, "then the parties shall submit their dispute to the American Arbitration Association ("AAA") to be conducted in accordance with Michigan law." The final judgment further provides:

> Any award rendered by the AAA shall be binding upon the parties, and Judgment may be entered thereon by any court of competent jurisdiction. However, either party shall have a right of appeal to this Court as to any arbitration award. The standard of review and procedure relative to any such appeal shall be governed by MCR 3.602. Any ruling by the Court on an appeal from an arbitration award shall be final and binding upon the parties, and they shall exercise no further rights of appeal.

The court retained jurisdiction to enforce the judgment, rule on any appeals from arbitration, or modify the judgment pursuant to MCR 2.612.

In 2008, a dispute arose regarding Ruben's charges to Allstate for Tygacil, a drug the doctor began administering to Badgett. Ruben administered 50 milligram (mg) doses twice daily. Ruben billed Allstate at $145.81 per mg, which was the value published in the 2008 Ingenix manual, and $94.05 per mg, which the value published in the 2009 Ingenix manual. Believing that the correct Ingenix value of Tygacil was $4.05 per mg, Allstate reimbursed Ruben at that rate from September 22, 2008, through December 31, 2009. Ruben disputed Allstate's reimbursement rate, and the parties appointed a private arbitration panel to arbitrate the dispute, not the AAA.

On June 27, 2012, the arbitrators awarded Ruben $4,345,674.00, subsequently amended to $4,642,958.74, recognizing Allstate's claim regarding a mistake in the manuals, but concluding that the unambiguous terms of the final judgment evidenced the parties' intent to use those values published in the Ingenix manuals. One of the three arbitrators dissented. Allstate moved for vacation of the arbitration award in the trial court, and Ruben moved for confirmation of the award.[1] In opinions and orders on July 23, 2014, January 26, 2015, and March 11, 2015, the trial court vacated the award. It also granted Ruben's motion for relief from the final judgment's no-appeal provision in its March 2015 opinion and order.

On appeal, Allstate argues that the trial court erred by granting Ruben's motion for relief under MCR 2.612(C)(1)(f). We agree.

## II. STANDARD OF REVIEW

This Court reviews a trial court's decision regarding a motion for relief from judgment pursuant to MCR 2.612(C) for an abuse of discretion. *Peterson v Auto Owners Ins Co*, 274 Mich App 407, 412; 733 NW2d 413 (2007), citing *Haberkorn v Chrysler Corp*, 210 Mich App 354, 382; 533 NW2d 373 (1995). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Kalaj v Khan*, 295 Mich App 420, 425; 820 NW2d 223 (2012). Further, " '[t]he proper interpretation and application of a court rule is a question of law, which we review de novo.' " *Rose v Rose*, 289 Mich App 45, 49; 795 NW2d 611 (2010), quoting *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009) (alteration in original).

## III. RELIEF FROM NO-APPEAL PROVISION

Ruben requested, and the court granted, relief from the final judgment's no-appeal provision. The agreement and final judgment between the parties explicitly states that the trial court retains jurisdiction to enforce the judgment, rule on any appeals from arbitration, or modify the judgment pursuant to MCR 2.612.

The court granted relief from the no-appeal provision under MCR 2.612(C)(1)(f) (O IV, p 2). MCR 2.612(C)(1) states:

> (1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
>
> (a) Mistake, inadvertence, surprise, or excusable neglect.
>
> (b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

---

[1] In so doing, Allstate filed a separate action and Ruben filed a counter-claim.

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

(d) The judgment is void.

(e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.

(f) Any other reason justifying relief from the operation of the judgment.

A motion for relief from under MCR 2.612(C)(1)(f) must be made "within a reasonable time." MCR 2.612(C)(2); *Heugel v Heugel*, 237 Mich App 471, 482-483; 603 NW2d 121 (1999). Additionally:

In order for relief to be granted under MCR 2.612(C)(1)(f), the following three requirements must be fulfilled: (1) the reason for setting aside the judgment must not fall under subsections a through e, (2) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside, and (3) extraordinary circumstances must exist that mandate setting aside the judgment in order to achieve justice. *Heugel*, 237 Mich App at 478-479; *King v McPherson Hosp*, 290 Mich App 299, 304; 810 NW2d 594 (2010).

The first requirement is satisfied here. In its motion for relief, Ruben asserted that the court should grant relief from the no-appeal provision because the court inaccurately applied MCR 3.602 when vacating the arbitration award. Although the court did not provide much explanation for its decision to grant relief under MCR 2.612(C)(1)(f), it did state in its opinion and order that its vacation of the arbitration award, based on its interpretation of the final judgment, could be an issue involving a matter of public concern. Neither of these reasons for setting aside the final judgment's no-appeal provision fall under MCR 2.612(C)(1)(a) through (e).

However, the second and third requirements for granting relief have not been satisfied. Granting relief from the no-appeal provision would, and did, detrimentally affect Allstate's substantial rights. "A consent judgment is in the nature of a contract, and is to be construed and applied as such." *Laffin v Laffin*, 280 Mich App 513, 517; 760 NW2d 738 (2008), citing *Gramer v Gramer*, 207 Mich App 123, 125; 523 NW2d 861 (1994). Deeply rooted in our law is the notion that unambiguous contracts that are freely entered into by both parties and do not violate public policy shall be enforced by the courts. *Rose*, 289 Mich App at 58-59. By granting relief, the court detrimentally affected Allstate's substantial rights to have the final judgment enforced as written. See *Id*. at 60-61 ("Indisputably, affording defendant relief from this freely negotiated, nonmodifiable judgment would detrimentally affect plaintiff's substantial right to enforcement of the contract.").

With regard to the third factor, no extraordinary circumstances exist to mandate granting relief in order to achieve justice. Ruben argues that the trial court's failure to follow MCR 3.602 when vacating the arbitration award amounts to an extraordinary circumstance. However, "[t]he caselaw construing MCR 2.612(C)(1)(f) contemplates that extraordinary circumstances

warranting relief from a judgment generally arise when the judgment was obtained by the improper conduct of a party." *Rose*, 289 Mich App at 62, citing *Heugel*, 237 Mich App at 479. Ruben explicitly asserts that he is not challenging the validity or enforceability of the no-appeal provision itself, indicating that the judgment was not obtained improperly. Due to the fact that only one of the three requirements to grant relief through MCR 2.612(C)(1)(f) was met, the trial court erred when granting Ruben's motion for relief from the no-appeal clause.

## IV. AUTHORITY TO VACATE

On cross-appeal, Ruben argues that the trial court erred when it concluded that the arbitrators exceeded their authority pursuant to MCR 3.602(J)(2)(c) and vacated the award. By concluding that the court abused its discretion when it granted Ruben's request for relief from the final judgment's no-appeal provision, this Court will not address the issue raised by Ruben on cross-appeal.

## V. CONCLUSION

The trial court abused its discretion in granting Ruben's motion for relief from the no-appeals clause contained within the final judgment. We vacate the portion of the order granting Ruben's relief and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Amy Ronayne Krause