*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CAROL A. MCBRATNIE,

　　　　　　Plaintiff-Appellant,

v

DITECH FINANCIAL LLC, formerly known as
GREEN TREE SERVICING LLC,

　　　　　　Defendant-Appellee.

UNPUBLISHED
February 14, 2019

No. 341326
Oakland Circuit Court
LC No. 2017-157439-CH

Before: JANSEN, P.J., and BECKERING and O'BRIEN, JJ.

PER CURIAM.

In this breach of contract action, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant under MCR 2.116(C)(8) and (C)(10). We affirm.

## I. RELEVANT FACTUAL BACKGROUND

Plaintiff, appearing in *propria persona*, filed an amended complaint against defendant, her mortgage servicer, alleging breach of contract and breach of fiduciary duty. Plaintiff disagreed with defendant's calculation of her mortgage escrow account for the years 2015 through 2017. Plaintiff alleged that defendant had failed to properly account for the funds in her mortgage escrow account and engaged in misappropriation of funds, which amounted to "extortion of fictitious amounts." Plaintiff also sought to enforce a stipulated order in a federal matter in the trial court, namely *Federal Trade Commission & Consumer Financial Protection Bureau v Green Tree Servicing LLC*, opinion of the United States District Court for the District of Minnesota, issued April 23, 2015 (Case No 15-cv-02064-SRN-JSM) ("the stipulated order"). Defendant flatly denied plaintiff's allegations of mishandling of funds and presented its own affidavit and supporting business records detailing its calculation of plaintiff's escrow for the challenged years. Defendant also argued that plaintiff did not have standing to enforce the federal stipulated order in the trial court. Based on these arguments, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10), and the trial court granted the motion. This appeal followed.

## II. STANDARD OF REVIEW

Generally, this Court reviews a trial court's decision to grant or deny a motion for summary disposition de novo. *Lowrey v LMPS & LMPJ, Inc.*, 500 Mich 1, 5-6; 890 NW2d 344 (2016). A motion for summary disposition under MCR 2.116(C)(8) "tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmoveant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). A motion for summary disposition made under MCR 2.116(C)(8) is properly granted when, "considering only the pleadings, the alleged claims are clearly unenforceable as a matter of law and no factual development could justify recovery." *Broz v Plante & Moran, PLLC*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 340381); slip op at 3.

When reviewing a motion for summary disposition granted or denied under MCR 2.116(C)(10), this Court reviews "all documentary evidence submitted by the parties in the light most favorable to the nonmoving party." *Broz*, ___ Mich App at ___; slip op at 3, citing *Dawoud v State Farm Mut Auto Ins Co*, 317 Mich App 517, 520; 895 NW2d 188 (2016).

> Summary disposition under MCR 2.116(C)(10) is warranted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. When a motion is made and supported under MCR 2.116(C)(10), the burden shifts to the nonmoving party to show, by affidavits or other documentary evidence, that there is a genuine issue of material fact. MCR 2.116(G)(4). If the nonmoving party does not make such a showing, summary disposition is properly granted. [*Broz*, ___ Mich App at ___; slip op at 3 (citations omitted).]

"A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

However, some of plaintiff's claims on appeal are unpreserved, as they were not raised, addressed, or decided by the trial court. *Henderson v Dep't of Treasury*, 307 Mich App 1, 7-8; 858 NW2d 733 (2014). Although this Court has the "inherent power to review an unpreserved claim of error, our Supreme Court has emphasized the fundamental principles that 'such power of review is to be exercised quite sparingly' and that the inherent power to review unpreserved issues 'is to be exercised only under what appear to be compelling circumstances to avoid a miscarriage of justice . . . .'" *Shah v State Farm Mut Auto Ins Co*, 324 Mich App 182, 193; 920 NW2d 148 (2018), quoting *Napier v Jacobs*, 429 Mich 222, 233; 414 NW2d 862 (1987).

## III. TIMING OF SUMMARY DISPOSITION MOTION

Plaintiff first argues that the trial court took action on defendant's motion for summary disposition before discovery was completed, which denied her the opportunity to continue discovery and bring forth new but untimely information that would have supported her claim for civil fraud against defendant. However, plaintiff failed to raise this argument in the trial court, and ignores "the fundamentals of appellate-preservation law, which require parties to first raise

issues in the lower court to be addressed in that forum." *Shah*, 324 Mich App at 194 (citations omitted). Plaintiff has therefore waived our review of this issue, as she may not "remain silent in the trial court and then hope to obtain appellate relief on an issue that [was] not call[ed] to the trial court's attention." *Id*. See also *Hoffenblum v Hoffenblum*, 308 Mich App 102, 117; 863 NW2d 352 (2014) (quotation marks and citation omitted), where this Court said that "[a] party may not claim as error on appeal an issue that the party deemed proper in the trial court because doing so would permit the party to harbor error as an appellate parachute."

Further, we conclude that there is no apparent reason for us to exercise our discretion and review this issue. Plaintiff does not present a question that must be addressed to properly resolve this matter, and no manifest injustice will result if we decline to review it. Moreover, plaintiff's argument is unavailing. Pursuant to the trial court's scheduling order, discovery closed on September 18, 2017. Defendant waited until September 27, 2017, to file its motion for summary disposition under MCR 2.116(C)(8) and (C)(10). Therefore, discovery was already closed at the time the summary disposition motion was filed, and plaintiff had not moved the trial court to extend or reopen the discovery period. Plaintiff's argument does not have merit.

## IV. THE STIPULATED ORDER

Second, plaintiff argues that the trial court erroneously refused to apply the stipulated order to this case because it is enforceable by plaintiff as an intended third-party beneficiary. We disagree.

Plaintiff alleged in her amended complaint that defendant had knowledge that it "willfully altered" the factors affecting her escrow account that resulted in an errant escrow calculation and balance but chose not to correct its actions by "finding the missing funds" and "making corrections." As a result of these claimed violations, plaintiff alleged that defendant's activities and transactions were in direct violation of the stipulated order. In that case, the Federal Trade Commission (FTC) and Consumer Financial Protection Bureau (CFPB) filed an action against Green Tree (which later became defendant) for a permanent injunction and other relief. Ultimately, all parties in that case agreed to entry of the stipulated order, which included equitable monetary relief in the amount of $48,000,000.[1]

---

[1] The FTC brought the action pursuant to Sections 5(a) and 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 USC 45(a) and 53(b). The CFPB brought the action pursuant to Sections 1031(a), 1036(a)(1), and 1054 of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 USC 5531(a), 5536(a)(1), and 5564, and sought civil penalties pursuant to Section 1055 of the CFPA, 12 USC 5565(c). All parties agreed to entry of the stipulated order which included equitable monetary relief in the amount of $48,000,000, of which $18,000,000 was for "alleged violations of the FTC Act, CFPA, and FDCPA with respect to Defendant's alleged misrepresentations relating to payment methods that entail a convenience fee[,]" and $30,000,000 "for alleged violations of the FTC Act, CFPA, FDCPA, and RESPA [the Real Estate Settlement Procedures Act] with respect to Defendant's conduct relating to short sales and in-process loan modifications, including Defendant's alleged failure to timely respond to

Here, plaintiff attempted to enforce the stipulated order in the trial court seemingly as an intended third-party beneficiary of the judgment. The trial court declined to do so. Ultimately, the question before us is whether plaintiff had standing to enforce the stipulated order in this case.

"Whether a party has standing is a question of law subject to review de novo." *Groves v Dep't of Corrections*, 295 Mich App 1, 4; 811 NW2d 563 (2011). This Court interprets judgments entered by agreement of the parties in the same manner as contracts. *Gramer v Gramer*, 207 Mich App 123, 125; 523 NW2d 861 (1994). Consent decrees are construed in the same manner as contracts. See *Board of Co Rd Comm'rs for the Co of Eaton v Schultz*, 205 Mich App 371, 379-390; 521 NW2d 847 (1994). In ascertaining the meaning of a contract, appellate courts give "the words used in the contract their plain and ordinary meaning that would be apparent to a reader of the instrument." *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). This Court reviews de novo the proper interpretation of an unambiguous contract. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 463; 663 NW2d 447 (2003). This Court also reviews de novo the legal effects of contractual clauses. *Quality Prods & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 369; 666 NW2d 251 (2003).

In order to have standing, a party must have a legally protected interest that is in jeopardy of being adversely affected. *Barclae v Zarb*, 300 Mich App 455, 483; 834 NW2d 100 (2013). A plaintiff must have a special injury or right, or substantial interest, which will be detrimentally affected in a manner different from the citizenry at large. *Id*. A party must assert his or her own legal rights and interests and cannot rest a claim to relief on the legal rights or interests of third parties. *Id*. "Generally, one who is not a party to an agreement cannot pursue a claim for breach of the agreement." *First Security Savings Bank v Aitken,* 226 Mich App 291, 305; 573 NW2d 307 (1997), overruled in part on other grounds by *Smith v Globe Life Ins Co*, 460 Mich 446; 597 NW2d 28 (1999).

A third-party beneficiary may seek to enforce a contract, despite not being a party, if the contract was intended to benefit the third party. MCL 600.1405. A contract demonstrates an intended benefit to a third party if "the promisor of said promise has undertaken to give or to do or refrain from doing something directly to or for" the third party. MCL 600.1405(1). "[O]nly intended third-party beneficiaries, not *incidental* beneficiaries, may enforce a contract under § 1405." *Koenig v City of South Haven*, 460 Mich 667, 679; 597 NW2d 99 (1999).

Here, plaintiff specifically argues that she has standing to seek redress under and enforce the terms of the stipulated order because her mortgage was serviced by defendant, formerly known as Green Tree, and Green Tree was party to the stipulated order. However, plaintiff was not a party to the federal action: rather, that case was brought by federal governmental entities.

qualified written requests relating to in-process loan modifications and with respect to Defendant's alleged misrepresentations about the time it will take to review short sale requests." *Federal Trade Commission & Consumer Financial Protection Bureau v Green Tree Servicing LLC*, opinion of the United States District Court for the District of Minnesota, issued April 23, 2015 (Case No 15-cv-02064-SRN-JSM), p 8.

Plaintiff has not pointed to any language in the stipulated order indicating that the order was intended for the benefit of, or to be enforced by, third-party private citizen consumers such as plaintiff. To the contrary, the stipulated order specifically states that "[r]edress provided by Defendant shall not limit consumers' rights in any way[.]" The plain language of the stipulated order indicates that private citizen consumers were free to bring separate actions against Green Tree for any alleged wrongdoing. *Rory*, 473 Mich at 464. Under these circumstances, plaintiff is not an intended third-party beneficiary to the stipulated order, and the trial court did not err by granting summary disposition in favor of defendant on this claim.

## V. BREACH OF FIDUCIARY DUTY

Third, plaintiff argues that the trial court erroneously dismissed her claim that defendant breached its fiduciary duties with respect to her escrow account. We disagree.

Under Michigan law, a fiduciary relationship does not generally arise within the context of a lender-borrower relationship, unless a plaintiff can affirmatively show in his or her pleadings that there is a "reposing of faith, confidence, and trust and the placing of reliance by one on the judgment and advice of another." *Farm Credit Serv's of Michigan's Heartland, PCA v Weldon*, 232 Mich App 662, 680; 591 NW2d 438 (1998). Regardless, plaintiff argues that because defendant maintained an escrow account for the purposes of paying property taxes, defendant owed her fiduciary duties. Further, plaintiff argues that defendant breached its fiduciary duties by failing to exercise due diligence in the fiduciary relationship.

True, an escrow agent may be held liable in tort for the negligent performance of or breach of its fiduciary duties. *Smith v First Nat'l Bank & Trust Co*, 177 Mich App 264, 270-271; 440 NW2d 915 (1989). However, the duties and obligations of an escrow agent are typically set forth in an escrow agreement, and the language of the escrow agreement is used to determine the intent of the parties. *Hills of Lone Pine Ass'n v Texel Land Co*, 226 Mich App 120, 124; 572 NW2d 256 (1997). An escrow agent is bound by the terms and conditions of the escrow agreement, and must strictly execute the duties voluntarily assumed. *Smith*, 177 Mich App at 271.

Here, however, the parties never executed an escrow agreement. Rather, at the time the mortgage was originally executed, plaintiff signed an escrow waiver, indicating that she would be personally responsible for paying all amounts due for waived escrow items on or before their respective due dates. However, the lender may revoke the waiver according to the terms of the security instrument, i.e., if plaintiff failed to pay any amount due on waived escrow items. On October 16, 2012, prior loan servicer CitiMortgage, Inc. did revoke the escrow waiver, and established an escrow account due to plaintiff's failure to pay delinquent taxes owed to Oakland County and the City of Berkley in the amount of $5,100.04. When defendant acquired the servicing rights on September 1, 2014, they continued to maintain an escrow account for the purpose of paying the property taxes on the property in question.

Because there is no escrow agreement between these parties, we look to any contract between the parties. Here, we conclude that defendant is bound by the terms of the security instrument, i.e., plaintiff's mortgage, in respect to maintaining an escrow account. Although plaintiff alleges that defendant failed to exercise due diligence in carrying out any fiduciary

relationship that may or may not be present, she fails to identify any provision of the security instrument that defendant has violated with respect to the escrow account. Because plaintiff has failed to assert any violation of the relevant contract, the trial court did not err by granting summary disposition in favor of defendant.

## VI. BREACH OF CONTRACT

Finally, plaintiff argues that the trial court erred when it did not determine which party breached the contract first. We disagree.

"The rule in Michigan is that one who first breaches a contract cannot maintain an action against the other contracting party for his subsequent breach or failure to perform." *Michaels v Amway Corp*, 206 Mich App 644, 650; 522 NW2d 703 (1994) (quotation marks and citation omitted). However with regard to the alleged breach, to survive a motion for summary disposition, in accordance with MCR 2.116(G)(4), plaintiff as the nonmoving party may not rest upon the allegations in her pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Plaintiff has not met this standard with regard to breach of contract.

Our review of the record reveals that plaintiff has presented no factual basis to support a claim for breach of contract or that defendant breached a contract *before* she breached a contract. Plaintiff failed to rebut any of the factual averments offered by defendant in its own affidavit, which provided a detailed explanation the cash flows in and out of plaintiff's escrow account as well as defendant's management of the escrow account for the years in question. Instead, plaintiff presented only conclusory statements unsupported by the record alleging that defendant's actions constituted "civil fraud" and "extortion." Plaintiff blindly made accusations that defendant was "lining its pockets" with her escrow payments but never clearly identified any money that was missing or showed misappropriation of escrow funds with record evidence. Accordingly, the trial court did not err by granting summary disposition in favor of defendant.

Affirmed.

/s/ Kathleen Jansen
/s/ Jane M. Beckering
/s/ Colleen A. O'Brien