RINKE v AUTOMOTIVE MOULDING COMPANY

Docket No. 195753. Submitted September 10, 1997, at Detroit. Decided November 18, 1997, at 9:05 A.M. Leave to appeal sought.

Donald F. Rinke and other former shareholders of Automotive Moulding Company brought an action in the Macomb Circuit Court against the company and Norman G. and Drew Peslar, principals of the company, alleging fraud, breach of contract, and other claims relating to the plaintiffs' sale of their shares. The sale, which preceded the action by more than two years, had been pursuant to an agreement by which the company agreed to pay the plaintiffs any appreciation in share price within two years of the sale and the plaintiffs agreed to release the company, its directors, other shareholders, and agents from any liability arising out of the plaintiffs' status as shareholders. The defendants moved for summary disposition, contending that the action was barred by the release and by the plaintiffs' failure, before or simultaneously with their action, to tender the consideration received in exchange for the release. The court, Raymond R. Cashen, J., allowed the plaintiffs to make an offer of tender of the consideration and to amend their complaint, but ultimately ruled that the action was barred by the release and dismissed the complaint without prejudice. The defendants appealed, claiming that dismissal should have been with prejudice, and the plaintiffs cross appealed.

The Court of Appeals held:

1. A plaintiff must tender any consideration received in exchange for a release before or simultaneously with the filing of a suit that contravenes that release. In this case, the plaintiffs failed to tender the consideration they received before or simultaneously with the filing of their action.

2. The offer of tender made by the plaintiffs with their amended complaint cannot relate back to the date of the original complaint. MCR 2.118(D), which governs the relation back of amended pleadings, requires that the amendment arise out of the conduct, transaction, or occurrence set forth in the original pleading. The plaintiffs' offer of tender did not so arise.

3. Defendants Norman and Drew Peslar are third-party beneficiaries of the release, and the release bars the plaintiffs' action against them.

4. The trial court erred in dismissing the complaint without prejudice. A dismissal of a case on its merits, like the grant in this case of summary disposition based on a release, should be with prejudice.

Affirmed in part, reversed in part, and remanded for dismissal with prejudice.

1. CONTRACTS — RELEASES — ACTIONS — TENDERS OF CONSIDERATION FOR RELEASES.

A plaintiff must tender any consideration received in exchange for a release before or simultaneously with the filing of a suit that contravenes that release.

2. CONTRACTS — RELEASES — ACTIONS — TENDERS OF CONSIDERATION FOR RELEASES — AMENDED COMPLAINTS — RELATION BACK.

A plaintiff's attempt to tender consideration the plaintiff received for a release, when made in an amended complaint challenging the release, does not relate back to the date of the original complaint (MCR 2.118[D]).

3. MOTIONS AND ORDERS — SUMMARY DISPOSITION — RELEASES — DISMISSALS WITH PREJUDICE.

A dismissal of an action upon a motion for summary disposition based on a release is a dismissal of the action on its merits and should be granted with prejudice (MCR 2.116[C][7]).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *David M. Black* and *Patrick Burkett*), for the plaintiffs.

*Abbott, Nicholson, Quilter, Esshaki & Youngblood, P.C.* (by *Gene J. Esshaki* and *Carl Jarboe*), for Automotive Moulding Company.

*Jaffe, Raitt, Heuer & Weiss* (by *R. Christopher Cataldo* and *Melanie LaFave*), for Norman G. Peslar and Drew Peslar.

Before: BANDSTRA, P.J., and MURPHY and YOUNG, JJ.

PER CURIAM. Defendants appeal the trial court's order granting their motion for summary disposition pursuant to MCR 2.116(C)(7) and dismissing plaintiffs' complaint without prejudice. Plaintiffs cross appeal the same order. We affirm in part, reverse in part, and remand for entry of an order of dismissal with prejudice.

Plaintiffs owned shares of defendant, Automotive Moulding Company (AMC). Plaintiffs sold their stock at book value, signing a redemption agreement that provided that if the corporation was sold for a higher price per share within two years from the date of the agreement, plaintiffs would receive the higher price. Additionally, the contract contained a release that absolved AMC, its directors, shareholders, and agents from any and all liability that might arise out of plaintiffs' status as shareholders.

More than two years later, AMC was purchased for a share price much higher than plaintiffs had been paid. Plaintiffs filed the present complaint against AMC and Norman and Drew Peslar, its principals, alleging breach of fiduciary duty, fraud, innocent or negligent misrepresentation, and breach of contract. Defendants moved for summary disposition pursuant to MCR 2.116(C)(7) and (8), contending that plaintiffs could not proceed with their suit because of the contractual release entered into between the parties. Defendants also argued that plaintiffs were barred from challenging the release because they failed to tender the consideration received under the stock redemption agreement before, or simultaneously with, the initiation of the present action.

In response to defendants' motion for summary disposition, the trial court allowed plaintiffs to amend

their complaint to include an offer of tender. Subsequently, the trial court granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(7), finding that plaintiffs failed to argue that the release provision should be set aside and holding that plaintiffs' claims were barred by the clear and unambiguous language of the release. The trial court's order dismissed plaintiffs' complaint without prejudice.

Pursuant to MCR 2.116(C)(7),  a claim may be barred because of a release. The scope of a release is governed by the intent of the parties as it is expressed in the release. If the text in the release is unambiguous, the parties' intentions must be ascertained from the plain, ordinary meaning of the language of the release. A contract is ambiguous only if its language is reasonably susceptible to more than one interpretation. *Wyrembelski v St Clair Shores*, 218 Mich App 125, 127; 553 NW2d 651 (1996); *Gortney v Norfolk & W R Co*, 216 Mich App 535, 540; 549 NW2d 612 (1996).

Here, the specific language of the release states:

> In consideration of the redemption of the Stock, Shareholder does hereby release and forever discharge the Corporation, its shareholders, officers, directors, agents, attorneys and all their respective successors and assigns from any and all claims, demands, liabilities or debts of any nature whatsoever whether now known or hereafter arising, as a result of or in any manner related to the Shareholder's status with Corporation.

Clearly, all of plaintiffs' claims arose out of their status as shareholders of AMC. Thus, the trial court properly found that plaintiffs' claims were barred by the release. See *Dresden v Detroit Macomb Hosp*, 218 Mich App 292, 297-298; 553 NW2d 387 (1996).

Plaintiffs argue that the trial court erred in finding that they failed to challenge the release provision of the stock redemption agreement. Although plaintiffs did make a belated attempt at tender, there is no other evidence that they ever attempted to set aside the release, and it appears that the trial court properly dismissed their claims on that basis. Even assuming that plaintiffs did challenge the release, we conclude that defendants were still entitled to summary disposition.

Plaintiffs argue that they challenged the release below on the basis that it was procured by fraud. Indeed, a release may be challenged on this ground, but not until plaintiffs tender the consideration they received in exchange for the release. The Michigan Supreme Court has held that a plaintiff must tender any consideration received in exchange for a release before or simultaneously with the filing of a suit that contravenes that release. *Stefanac v Cranbrook Ed Community (After Remand)*, 435 Mich 155, 176; 458 NW2d 56 (1990). Indeed, a plaintiff must tender before he may even attempt to repudiate the release.[1] *Id.* at 163, 165; *Dresden, supra* at 296.

In this case, it is undisputed that plaintiffs failed to tender the consideration they received for the stock redemption agreement "prior to or simultaneously with" the filing of the current suit. However, plaintiffs argue that their offer of tender in their amended complaint should relate back to the filing of their original complaint, pursuant to MCR 2.118(D). This argument is without merit.

---

[1] There are two exceptions to this rule: waiver of the plaintiff's duty by the defendant and fraud in the execution. *Stefanac, supra* at 165. Neither exception applies here.

MCR 2.118(D) provides:

> Relation Back of Amendments. Except to demand a trial by jury under MCR 2.508, an amendment relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading.

An offer of tender purportedly made at the time of the amendment of a complaint obviously does not arise out of the conduct, transaction, or occurrence set forth in the original pleading; the alleged tender offer occurred long after the events giving rise to the original complaint. Thus, by its express terms, MCR 2.118(D) does not apply. In addition, application of the relation-back doctrine in this case would be contrary to the Supreme Court's holding in *Stefanac*:

> We hold as a matter of law that a plaintiff must, in all cases where a legal claim is raised in contravention of an agreement, tender the consideration recited in the agreement prior to or simultaneously with the filing of suit. To allow a grace period for tender after the commencement of a lawsuit would undermine the very rule announced by this Court in *Carey* [*v Levy*, 329 Mich 458; 45 NW2d 352 (1951)]. Although seemingly harsh, we find that this rule is necessary in order to preserve the stability of release agreements. As we have previously stated, a defendant is entitled to rely on the binding nature of the agreement. The very essence of a release and settlement is to avoid litigation. The plaintiff is not entitled to retain the benefit of an agreement and at the same time bring suit in contravention of the agreement. [*Stefanac, supra* at 176-177.]

We hold that plaintiffs may not use the relation-back doctrine to create the kind of "grace period" disallowed in *Stefanac*. Plaintiffs were precluded from

challenging the validity of the release because they failed to tender in a timely manner. Thus, the trial court properly granted summary disposition for defendants based on the release.[2]

Plaintiffs argue that individual defendants Norman and Drew Peslar cannot rely on the release because they did not provide the consideration for the release. However, plaintiffs' argument fails to consider Drew and Norman Peslar's status as third-party beneficiaries. The rights of third-party beneficiaries are codified in MCL 600.1405; MSA 27A.1405, which provides in pertinent part:

> Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.
>
> (1) A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise had undertaken to give or to do or refrain from doing something directly to or for said person.

By the express terms of the contractual agreement, plaintiffs agreed to release the officers, directors, and other shareholders of AMC from liability. Therefore, by application of MCL 600.1405; MSA 27A.1405, the individual defendants were third-party beneficiaries and stood in the shoes of AMC. See *Jachim v Coussens*, 88 Mich App 648, 653-654; 278 NW2d 708 (1979). Allowing plaintiffs to maintain their suit against the individual defendants would deny AMC one of the benefits for which it bargained.

---

[2] Although the trial court's decision was not based on the tender issue, this Court will not disturb a trial court's decision if the right result is reached for the wrong reason. *Michigan Employment Security Comm v Westphal*, 214 Mich App 261, 267; 542 NW2d 360 (1995).

Plaintiffs also argue that they were not subject to the tender requirement at all, citing *Taylor Group v ANR Storage Co*, 452 Mich 561; 550 NW2d 258 (1996). However, we find *Taylor Group* distinguishable. There, the Michigan Supreme Court held the tender rule inapplicable where the release for which consideration was given did not apply to the plaintiffs' claims. *Id.* at 565-567. Here, as noted above, it is clear that the release provision in the Stock Redemption Agreements applies to plaintiffs' claims. Thus, the holding in *Taylor Group* is inapplicable.

Next, defendant argues that the trial court erred in dismissing plaintiffs' claims without prejudice. We agree. Generally, the decision whether to dismiss a case with prejudice is within the trial court's discretion. *George Morris Cruises v Irwin Yacht & Marine Corp*, 191 Mich App 409, 420; 478 NW2d 693 (1991). However, when deciding whether dismissal should be with or without prejudice, we have recognized that summary disposition is different from other forms of dismissal. *ABB Paint Finishing, Inc v Nat'l Union Fire Ins Co of Pittsburgh, PA*, 223 Mich App 559, 564, n 3; 567 NW2d 456 (1997). The question whether a grant of summary disposition pursuant to MCR 2.116(C)(7) based on a release should be with prejudice is a question of law. We review questions of law de novo. *Michigan Employment Security Comm v Westphal*, 214 Mich App 261, 263; 542 NW2d 360 (1995); *Duggan v Clare Co Bd of Comm'rs*, 203 Mich App 573, 575; 513 NW2d 192 (1994).

"Where a trial court dismisses a case on the merits, the plaintiff should not be allowed to refile the same suit against the same defendant and dismissal should therefore be with prejudice." *ABB Paint Finishing,*

*supra* at 563. We conclude that the trial court's determination that plaintiffs entered into a binding release that bars their claims is a decision on the merits. Thus, the summary disposition should have been granted with prejudice. Any other conclusion could expose defendants to another lawsuit despite the fact that the plaintiffs had entered into a binding release. It also might allow plaintiffs to attempt to circumvent the *Stefanac* rule by tendering consideration before filing a new action. Thus, we reverse that part of the trial court's order dismissing plaintiffs' claims without prejudice.

In light of our resolution of the above issues, we need not address the remaining issues raised by the parties.

We affirm the trial court's order granting summary disposition to defendants, reverse the trial court's order dismissing plaintiffs' complaint without prejudice, and remand for entry of an order dismissing plaintiffs' complaint with prejudice. We do not retain jurisdiction. Defendants, being the prevailing party, may tax costs pursuant to MCR 7.219.