COLLUCCI v EKLUND

Docket No. 210924. Submitted January 12, 2000, at Detroit. Decided April 28, 2000, at 9:05 A.M. Leave to appeal sought.

Paul Collucci brought an action in the Wayne Circuit Court against Lisa Eklund and Louisa Muldoon, alleging, in part, that the defendants defamed him with accusations of sexual harassment. The parties had been employees of Textron Automotive Company and the defendants' allegations were made to the employer, who conducted an investigation and determined that, although the plaintiff's conduct did not satisfy the legal definition of sexual harassment, it was unprofessional and evinced poor judgment. When the employer thereafter began to downsize its work force, it decided to terminate the plaintiff's employment because of his poor judgment and other performance issues. The employer and the plaintiff entered into a severance agreement whereby the plaintiff would receive almost a year's salary and other benefits in exchange for the release of all claims and lawsuits against Textron or any of its employees arising from the plaintiff's employment or its termination. The employer provided the consideration in conformance with the release agreement. The defendants sought summary disposition on the ground that the release barred the plaintiff's claims. The court, Robert J. Colombo, Jr., J., agreed and granted the motion. The plaintiff appealed.

The Court of Appeals *held*:

1. The plaintiff knowingly executed the release and received the recited consideration. Therefore, he could avoid the terms of the release only by showing by a preponderance of the evidence that the release is unfair or incorrect on its face. The plaintiff failed to make the required showing.

2. The release language clearly applies to the defendants and operates to discharge the defendants from liability in this matter even though the defendants were not parties to the execution of the release and provided none of the consideration given to the plaintiff for the release.

3. Even if there is merit to the plaintiff's allegation that the release was procured by fraud, the release would preclude the plaintiff's claim because he failed to tender back to the employer

the consideration it paid for the release. The plaintiff did not demonstrate that the exceptions to the tender-back requirement applied here because he presented no evidence that the defendants waived the tender-back duty or that there was fraud in the execution of the release.

Affirmed.

1. RELEASE — ACTIONS.

A plaintiff who knowingly executes a release, receives the recited consideration for it, and subsequently seeks to avoid its terms must show by a preponderance of the evidence that the release is unfair or incorrect on its face.

2. RELEASE — FRAUD — PLEADING — DEFENSES — WAIVER.

A plaintiff challenging a release on the basis of fraud must tender back before or simultaneously with the filing of the complaint the consideration received in exchange for the release; a plaintiff is excused from the tender-back requirement only if the defendant waives the duty or the plaintiff demonstrates fraud in the execution of the release; a defendant's failure to raise nontender as an affirmative defense does not waive the tender-back requirement where the defendant pleads the release as a defense.

*Richard J. Corriveau (Donald M. Fulkerson,* of Counsel), for the plaintiff.

*Barris, Sott, Denn & Driker, P.L.L.C.* (by *Sharon M. Woods* and *Claudia D. Orr*), for the defendants.

Before: ZAHRA, P.J., and SAAD and GAGE, JJ.

SAAD, J. Plaintiff appeals the trial court's order that granted defendants' motion for summary disposition on the basis that plaintiff's claim is barred by the release he signed. We affirm.

### I. FACTS AND PROCEEDINGS

Plaintiff was the human resources manager at the Westland facility of Textron Automotive Company. Defendant Lisa Eklund worked under his supervision and defendant Louisa Muldoon also worked at the

Westland facility. In June 1996, Eklund complained to her employer of sexual harassment by plaintiff, and accordingly Textron conducted an investigation. In the course of the investigation, Muldoon made statements that corroborated Eklund's allegations. Textron concluded that although plaintiff's conduct did not satisfy the legal definition of sexual harassment, his conduct was unprofessional and evinced poor judgment.

Shortly after it finished its investigation, Textron began to downsize its work force and decided to terminate plaintiff's employment as part of the downsizing on August 1, 1996. Textron chose plaintiff for termination because of his poor judgment and other performance issues. Textron and plaintiff entered into a severance agreement, which called for Textron to pay plaintiff nearly a year's salary, pay plaintiff for his accrued vacation time, and continue certain employee benefits at Textron's expense. In exchange, plaintiff agreed to execute a release of claims against Textron. On August 30, 1996, plaintiff signed a release that provided, in pertinent part:

> In consideration for the special severance pay and enhanced benefits mentioned above, you agree not to file against Textron . . . *or any of their* . . . *employees*, and you release the same from any and all claims and lawsuits arising from your employment or termination . . . . [Emphasis added.]

Plaintiff, a longtime human resources specialist, testified during his deposition that he read the release and consulted with two attorneys before signing the release. Plaintiff acknowledges that he received a copy of the release before he consulted the attorneys. However, plaintiff alleges that the amount of sever-

ance pay he would receive under the agreement was less than what Textron owed him. Plaintiff contends that he signed the release out of "desperation" because he was afraid of losing his insurance benefits.

In accordance with the severance agreement, Textron sent plaintiff regular salary checks for forty-eight weeks after his termination. Plaintiff cashed all the checks and has not tendered back any of the funds received from Textron before, or during the course of, these proceedings.

On July 29, 1997, plaintiff filed his complaint in this matter and alleged that defendants defamed him with their accusations of sexual harassment.[1] Defendants moved for summary disposition on the ground that plaintiff's release barred his claims. The trial court agreed and dismissed plaintiff's action. Plaintiff now appeals.

## II. ANALYSIS

### A. TERMS OF THE RELEASE

Plaintiff knowingly executed the release and received the recited consideration. Therefore, to avoid the terms of the release, plaintiff must show, by a preponderance of the evidence, that the release is unfair or incorrect on its face. *Stefanac v Cranbrook Educational Community (After Remand)*, 435 Mich 155, 165; 458 NW2d 56 (1990). Plaintiff failed to do so.

---

[1] Plaintiff also claimed intentional infliction of emotional distress in count II of this complaint. In addition to the tort action against defendants here, plaintiff filed a wrongful discharge and age discrimination action against Textron. The trial court dismissed that action under MCR 2.116(C)(7), claim barred by release. The record does not reveal why these two lawsuits were not consolidated.

Plaintiff incorrectly maintains that the release does not apply to his claims against defendants because they were not parties to the execution of the release and did not provide consideration for the release. It is well settled that the scope of a release is governed by the intent of the parties as expressed in the release. *Rinke v Automotive Moulding Co*, 226 Mich App 432, 435; 573 NW2d 344 (1997). If the text of the release is unambiguous, the parties' intentions must be ascertained from the plain, ordinary meaning of the language. of the release. *Id.* See also *Gortney v Norfolk & W R Co*, 216 Mich App 535, 540; 549 NW2d 612 (1996).

Here, by its very terms, the release expressly applies to all of Textron's employees. There is no dispute that defendants Eklund and Muldoon, at all times pertinent to this appeal, were employees of Textron. Because defendants clearly fall within the class of "employees," there is no need to "look beyond the plain, explicit, and unambiguous language of the release in order to conclude that [defendants have] been released from liability." *Romska v Opper*, 234 Mich App 512, 515; 594 NW2d 853 (1999). Here, as in *Romska*, the release language clearly applies to defendants, employees of Textron. Therefore, though defendants were not parties to the execution of the release and did not provide any of the consideration given to plaintiff for the release, the release operates to discharge defendants from liability in this matter. *Id.*

### B. FRAUD

Plaintiff also contends that the release is invalid because it was procured by fraud. Were we to con-

clude that plaintiff's fraud allegation is meritorious, the release would nonetheless preclude plaintiff's claim because he failed to tender back the consideration Textron paid for the release.

A plaintiff may challenge a release on the basis of fraud, but not until he has tendered the consideration he received in exchange for the release. *Stefanac, supra* at 159, 165; *Rinke, supra* at 436. Under *Stefanac*, plaintiff was required to tender back the consideration received for the execution of the release before, or simultaneous with, the filing of his complaint. *Stefanac, supra* at 159. It is undisputed that plaintiff did not tender back any funds before the filing of the complaint, at the time he filed the complaint, or at any time thereafter. Consequently, the release effectively bars plaintiff's claims unless he can demonstrate that one of the exceptions to the tender-back requirement applies. *Stefanac, supra* at 165; *Rinke, supra* at 437-438; *Dresden v Detroit Macomb Hosp Corp*, 218 Mich App 292, 296; 553 NW2d 387 (1996).

Under Michigan law, a plaintiff is excused from the tender-back requirement only if the defendant waives the duty or the plaintiff demonstrates fraud in the execution. *Stefanac, supra* at 165. Here, on appeal, plaintiff does not claim fraud in the execution, nor does he adduce facts to establish fraud in the execution. There is no evidence that plaintiff did not know that he was signing a release. On the contrary, plaintiff, the human resources manager at Textron's Westland facility, admitted that he read the release and consulted with two attorneys before signing it. Plaintiff never claimed that he did not understand that the

document he was signing was a release. Clearly, the fraud-in-the-execution exception does not apply.

Plaintiff does claim, however, that defendants waived the tender-back requirement because they did not raise nontender as an affirmative defense. This same argument was raised and rejected in *Stefanac, supra* at 169, n 15, wherein our Supreme Court stated:

> [The] defendant need not specifically raise the tender issue because until plaintiff tenders the consideration recited in the release, it is the existence of the release and its terms which prohibit the plaintiff from bringing suit. By pleading the release as a defense, defendant has complied with the requirements of MCR 2.111(F).

Here, there is no dispute that defendants raised the release as an affirmative defense in their answer to plaintiff's complaint. Therefore, the waiver exception to the tender-back rule does not apply.

Plaintiff's contentions that he signed the waiver out of "desperation," that the consideration paid was less than what Textron owed him, and that "extreme inconvenience" prevented him from tendering back the consideration are not based on any recognized exceptions to the tender-back requirement in Michigan.[2] *Stefanac, supra* at 165. Accordingly, we con-

---

[2] Moreover, plaintiff cannot factually support his claim that the consideration was less than what Textron owed him. Contrary to plaintiff's claim that Textron owed plaintiff pay for twenty-seven *weeks* of vacation, Textron only owed him for twenty-seven *days* of vacation.

clude that defendants' motion for summary disposition was properly granted.[3]

Affirmed.

.                                                              `

---

[3] Finally, there is no merit to plaintiff's argument that the trial court abused its discretion in failing to grant his motion to amend his complaint so that he could tender the consideration back to Textron at that time. Although plaintiff made some reference to a possible motion to amend his complaint in his answer to defendants' motion for summary disposition, he never made this motion. The trial court did not rule with regard to the motion because such a motion was never formally before the court. Therefore, we cannot say that the trial court abused its discretion in this regard. In any event, had plaintiff properly moved to amend his complaint, this Court has previously held that a plaintiff's attempt to tender back consideration, when made in an amended complaint challenging the release, does not relate back to the date of the original complaint. *Rinke, supra* at 437-438.