# STATE OF MICHIGAN

# COURT OF APPEALS

EUSEBIO SALDANA, individually and as the
personal representative of the ESTATE OF
MICHAEL SALDANA, and JOSEPHINE
SALDANA,

UNPUBLISHED
August 4, 2016

Plaintiffs-Appellants,

v

No. 326959
Sanilac Circuit Court
LC No. 14-035923-CZ

NATHAN LEE SMITH, SANILAC COUNTY
SHERIFF'S OFFICE, LAURA BURTON,
THERESA BUFFUM, and SANILAC EMS,

Defendants-Appellees.

Before: M. J. KELLY, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

In this suit involving wrongful death and loss of consortium, plaintiffs, Eusebio Saldana, in his individual capacity and as the personal representative of the Estate of Michael Saldana, and Josephine Saldana (collectively the Saldanas), appeal by right the trial court's order dismissing their claims against defendants, Nathan Lee Smith and Sanilac County Sheriff's Office (the Sheriff's Office). Defendants, Laura Burton, Theresa Buffum, and Sanilac EMS are not involved in this appeal. On appeal, the Saldanas argue that the trial court erred when it applied the statutes applicable to claims of medical malpractice to their claim against Smith. We conclude that the trial court erred when it dismissed the Saldanas' claims against Smith and the Sheriff's Office on the ground that the Saldanas failed to comply with the statutes governing the filing of medical malpractice claims. Accordingly, we reverse.

## I. BASIC FACTS

In the early afternoon on February 14, 2012, Josephine Saldana discovered her son, Michael Saldana, unresponsive and slumped over the steering wheel of a vehicle in her driveway. She called 911 and the dispatcher notified emergency responders. Smith, who is a deputy with the Sheriff's Office, was the first to arrive. Burton and Buffum, who are emergency personnel with Sanilac EMS, arrived sometime later. It is undisputed that Smith, Burton, and Buffum did not treat Michael Saldana at the scene and did not take him to a hospital. Instead, he

-1-

was apparently transported to a funeral home. An autopsy revealed that Michael Saldana died of a drug overdose.

In November 2014, the Saldanas sued Smith, the Sheriff's Office, Burton, Buffum, and Sanilac EMS. They alleged that Michael Saldana was alive when Smith arrived and could have been saved were it not for the negligence of Smith, Burton, and Buffum.

In December 2014, Burton, Buffum, and Sanilac EMS moved to dismiss the Saldanas' claims against them under MCR 2.116(C)(8) and (C)(10). Specifically, they argued that the Saldanas' claims sounded in medical malpractice and, because the Saldanas failed to give them the notice required under MCL 600.2912b(1), the claims must be dismissed. In the alternative, they asked the trial court to order the Saldanas to amend their complaint to provide a more definite statement. Smith and the Sheriff's Office filed a motion concurring in the motion to dismiss by Burton, Buffum, and Sanilac EMS, in January 2015.

The trial court held a hearing on the motions in February 2015. At the hearing, the trial court determined that it had to grant the motion for summary disposition by Burton, Buffum, and Sanilac EMS because the Saldanas' claims against them sounded in medical malpractice. It did not further clarify its holding and did not address the concurring motion by Smith and the Sheriff's Office.

The parties thereafter disputed whether the trial court intended to dismiss all the claims or just the claims against Burton, Buffum, and Sanilac EMS. The trial court held a hearing to address that dispute in March 2015. At that hearing, the lawyer for Smith and the Sheriff's Office contended that the trial court's order to dismiss should apply to his clients as well because the Saldanas had no "medical evidence" to establish proximate cause. The Saldanas' lawyer responded that they had no obligation to come forward with evidence to establish causation because that was not raised in the motion and the medical malpractice statutes do not apply to Smith and the Sheriff's Office. The trial court disagreed and stated that the "same logic applies" to all defendants. For that reason, it stated that the order should dismiss the Saldanas' claims as to all defendants. The trial court entered an order dismissing the Saldanas claims without prejudice on the same day as the hearing.

After the trial court denied their motion for reconsideration, the Saldanas appealed in this Court.

## II. SUMMARY DISPOSITION

### A. STANDARDS OF REVIEW

The Saldanas argue on appeal that the trial court erred when it granted the motion for summary disposition by Smith and the Sheriff's office. This Court reviews de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Eng, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). This Court also reviews de novo whether the trial court properly selected, interpreted, and applied the relevant statutory provisions. *Pransky v Falcon Gp, Inc*, 311 Mich App 164, 173; 874 NW2d 367 (2015).

## B. MEDICAL MALPRACTICE

The Saldanas first argue that the trial court erred when it applied the statutes governing the filing of medical malpractice claims to their claims against Smith and the Sheriff's Office. More specifically, they argue that whether Smith acted reasonably under the circumstances—that is, whether he breached a common law duty that he owed to Michael Saldana or his parents—was not a matter of medical judgment. For that reason, they maintain, their claims did not sound in medical malpractice and the trial court erred when it applied the medical malpractice statutes to their claims.

As our Supreme Court has recognized, the Legislature modified the class of persons who are capable of committing medical malpractice beyond those specified under the common law—namely, beyond physicians and surgeons. See *Bryant v Oakpointe Villa Nursing Centre, Inc*, 471 Mich 411, 420-421 n 8; 684 NW2d 864 (2004). The Legislature expanded the class to encompass "a person or entity who is or who holds himself or herself out to be a licensed health care professional, licensed health facility or agency, or an employee or agent of a licensed health facility or agency who is engaging in or otherwise assisting in medical care and treatment . . . ." MCL 600.5838a(1). Despite the expansion, our Supreme Court warned that a defendant's membership in that class does not by itself mean that the claim against the defendant involves medical malpractice: "The fact that an employee of a licensed health care facility was engaging in medical care at the time the alleged negligence occurred means that the plaintiff's claim may *possibly* sound in medical malpractice; it does not mean that the plaintiff's claim *certainly* sounds in medical malpractice." *Bryant*, 471 Mich at 421. The corollary to that proposition, however, is that an individual who is not a member of the class of persons defined under MCL 600.5838a(1), or holding himself or herself out as such a person, cannot commit medical malpractice.

In this case, it is undisputed that the Sheriff's Office is not a health facility or agency, see MCL 333.20106(1), and that Smith was not practicing or holding himself out as practicing a "vocation, calling, occupation, or employment" that required him to be licensed or registered under Article 15 of the occupational code, see MCL 333.16105(2). Accordingly, Smith is not among the class of person to whom the medical malpractice statutes apply and, as such, the trial court erred as a matter of law when it dismissed the Saldanas' claims against Smith and his employer because the Saldanas failed to comply with the statutes governing medical malpractice claims.

## C. GOVERNMENTAL IMMUNITY

The Saldanas next argue that the trial court erred when it dismissed their claims on the ground that Smith and the Sheriff's Office were immune from suit. In its order, the trial court stated that it was dismissing the Saldanas' claims for the reasons stated on the record. At no point did the trial court state on the record that it was dismissing the Saldanas' claims because they failed to plead in avoidance of governmental immunity or failed to establish a question of fact as to whether an exception to governmental immunity applied. Therefore, this claim of error is inapposite.

## D. ALTERNATE BASES FOR AFFIRMING

On appeal, Smith and the Sheriff's Office argue that the trial court properly dismissed the Saldanas' claims because the Saldanas failed to establish a question of fact as to whether Smith was grossly negligent and whether his negligence proximately caused the harms at issue. In making this argument, Smith and the Sheriff's Office maintain that the trial court did not premise its decision on the fact that the Saldanas failed to comply with the medical malpractice statutes; rather, they assert, "the dismissal was based upon additional grounds of governmental immunity" that they raised in their motion for summary disposition.

In January 2015, Smith and the Sheriff's Office filed a motion for summary disposition, which they described as a "CONCURRENCE AND MOTION TO DISMISS FOR FAILURE TO COMPLY WITH THE PRE-SUIT NOTICE REQUIREMENTS OF MCL 600.2912b AND/OR ALTERNATIVELY FOR A MORE DEFINITE STATEMENT." In their brief in support of the motion, Smith and the Sheriff's Office asserted that the Saldanas' claims sounded in medical malpractice and, because the Saldanas "failed to file a Notice of Intent," Smith and the Sheriff's Office maintained that the trial court had to dismiss the Saldanas' complaint in its entirety. Smith and the Sheriff's Office stated that they also concurred in the motion by Burton, Buffum, and Sanilac EMS for a more definite statement. They argued that both Smith and the Sheriff's Office were immune from suit unless an exception applied and the Saldanas failed to adequately plead claims in avoidance of immunity. More specifically, they maintained that the allegations against Smith did not amount to gross negligence and inadequately alleged proximate cause. They also argued that the Sheriff's Office could not be vicariously liable for Smith's actions or omissions and so it was necessary for the Saldanas to clarify the basis for its claim that the Sheriff's Office could be liable for Michael Saldana's death. Smith and the Sheriff's Office concluded their brief by asking the trial court to dismiss the Saldanas' complaint for "failure to comply with the pre-suit Notice requirements of MCL 600.2912b and/or alternatively, enter an Order requiring Plaintiffs to file a more definite statement within 14 days specifically asserting the theories of negligence in a more precise and detailed manner."

At the February hearing on the motion by Burton, Buffum, and Sanilac EMS, the trial court determined that it had to dismiss the Saldanas' claims because, under this Court's decision in *Lockwood v Mobile Med Response, Inc*, 293 Mich App 17; 809 NW2d 403 (2011), the claims against the ambulance company and its personnel involved a "medical malpractice action." When the Saldanas' lawyer mentioned that the Saldanas tried to file an amended complaint, the lawyer for Burton, Buffum, and Sanilac EMS noted that the same flaw applied to any additional claims: "So I don't think that makes a difference to the ruling, [it's] malpractice, he didn't comply with the statutory requirements, so whether or not there's amended complaint makes no difference . . . ." The trial court agreed: "Yes, I think it's all the same question." Thus, it is clear from the record of the hearing held in February 2015 that the trial court dismissed the Saldanas' claims because they failed to comply with the statutes governing the filing of a medical malpractice claim.

After the February 2015 hearing, the parties disputed whether the trial court also intended to dismiss the claims against Smith and the Sheriff's Office. Included in that dispute was whether the Saldanas' were properly served with the motion by Smith and the Sheriff's Office in which they concurred with the motion by Burton, Buffum, and Sanilac EMS. In a brief

statement on the record, the trial court asserted that it recalled that the motion by Smith and the Sheriff's office was "up for that date"—referring to the last hearing—and that "the same logic applies, applied then and applies now to all of these Defendants."

On this record, it is clear that the trial court dismissed the Saldanas' claims against Smith and the Sheriff's Office for the same reason that it dismissed their claims against the ambulance company and its employees; it did not dismiss the claims on the ground that the Saldanas failed to plead in avoidance of governmental immunity or failed to establish a question of fact as to whether immunity applied. Indeed, its decision to dismiss the claims without prejudice is inconsistent with a grant of summary disposition under MCR 2.116(C)(7) or (C)(10) premised on governmental immunity. See *Rinke v Automotive Moulding Co*, 226 Mich App 432, 439-440; 573 NW2d 344 (1997) (stating that the grant of summary disposition under MCR 2.116(C)(7) amounts to a decision on the merits and must normally be with prejudice).

While this Court reviews de novo a trial court's decision on a motion for summary disposition, it does so by reviewing the motion actually made to determine whether the trial court properly granted or denied relief. See *Barnard Mfg*, 285 Mich App at 380-381 (stating that a reviewing court must review a motion for summary disposition by examining the evidence actually presented in support of the motion and warning that the reviewing court may not consider additional evidence not submitted in support with the original motion). If a moving party fails to properly assert or support its motion, the trial court must deny the motion without further inquiry. *Id.* at 370. For that reason, if a trial court grants an improperly asserted or supported motion, it necessarily errs and this Court will reverse. See, e.g., *Grandberry-Lovette v Garascia*, 303 Mich App 566, 581; 844 NW2d 178 (2014) (noting that the trial court should have denied the motion for summary disposition because the movant did not properly support it).

In this case, the trial court did not dismiss the Saldanas' claims on the ground now asserted by Smith and the Sherriff's Office. Moreover, a review of their motion shows that Smith and the Sheriff's office did not move for summary disposition under MCR 2.116(C)(7) or (C)(10) on the ground that they were immune from suit; rather, the only ground for dismissal that they asserted involved the Saldanas' failure to comply with the statutes governing medical malpractice actions. Because they did not properly assert grounds for dismissal premised on governmental immunity or proximate cause, they failed to place the Saldanas on notice of the need to respond and the Saldanas cannot be faulted for failing to do so. *Barnard Mfg*, 285 Mich App at 369 (stating that the moving party's motion for summary disposition must include a level of specificity that places the non-moving party on notice of the need to respond). Smith and the Sheriff's Office may be entitled to have the Saldanas' claims dismissed on the ground that they are immune from suit; nevertheless, they did not properly assert that ground before the trial court. And whether to dismiss the Saldanas' claims on that basis should be decided in the first instance by the trial court on a properly asserted and supported motion for summary disposition. Consequently, this ground cannot serve as an alternate basis for affirming.

## III. CONCLUSION

The trial court erred as a matter of law when it determined that the statutes governing medical malpractice actions applied to the Saldanas' claims against Smith and the Sheriff's Office. Accordingly, it erred when it dismissed their claims against Smith and the Sheriff's Office on the ground that they failed to comply with those statutes.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing parties, the Saldanas may tax their costs. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly