*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ARTHUR KRUMM, by his Guardian LORI
CALDERON,

      Plaintiff-Appellant,

v

AUTO-OWNERS INSURANCE COMPANY,

      Defendant-Appellee.

UNPUBLISHED
February 25, 2020

No. 346636
Wayne Circuit Court
LC No. 16-000387-NF

Before: REDFORD, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals as of right following entry of a consent judgment the trial court's order granting partial summary disposition in favor of defendant regarding the scope of release related to claims by plaintiff for no-fault benefits and the trial court's refusal to setting aside the no-fault release under MCR 2.612(C)(1). We affirm.

## I. BACKGROUND

This is the second lawsuit between the parties. Plaintiff's first lawsuit for no-fault benefits related to his automobile accident resulted in a settlement and dismissal. In relation to the settlement, the parties executed two releases: a no-fault release and an attendant care release. The no-fault release entitled "Release of No-Fault Claim" stated, in pertinent part:

> WHEREAS, the parties hereto desire to amicably resolve all disputes concerning any benefits or claims under the policy for any losses whatsoever.

>     \* \* \*

> NOW, THEREFORE, in consideration of the payment of TWO HUNDRED AND TEN THOUSAND ($210,000.00) DOLLARS to LORI CALDERON, A/G/O ARTHUR KRUMM, in hand paid by AUTO-OWNERS INSURANCE COMPANY (hereinafter referred to as payer), I, LORI CALDERON, A/G/O ARTHUR KRUMM, do hereby release and forever

-1-

discharge payer from any and all liability under the aforesaid automobile insurance policy for all past and present no-fault benefits up through and including October 16, 2015, as a result of injuries sustained in the aforesaid automobile accident of May 17, 2003.

The attendant care release entitled "Release and Waiver of Past Attendant Care Provider Claim" stated, in pertinent part:

> In my role as Arthur Krumm's guardian, I am aware of and have consented to a settlement of Arthur Krumm's PIP claim with Auto Owners Insurance Company through the date of October 17, 2015 of all payable benefits for the sum of $210,000.
>
> I understand that this $210,000 settlement is intended to include payment of all attendant care services provided to Arthur Krumm through October 17, 2015.

Plaintiff sued defendant in this case for breach of contract for failure to pay medical benefits allegedly due to plaintiff under the no-fault act, MCL 500.3101 *et seq*. Defendant moved for partial summary disposition, under MCR 2.116(C)(7) and (10), on the ground that the no-fault release barred plaintiff from seeking payment of the outstanding medical bills. Plaintiff responded by arguing that the releases contained ambiguous terms and that the trial court should consider extrinsic evidence to establish that the parties intended the no-fault release to only cover plaintiff's attendant care services, not all no-fault benefits. Plaintiff also argued that the trial court should set aside the no-fault release under MCR 2.612(C)(1). The trial court found the releases unambiguous and granted defendant partial summary disposition.

## II. STANDARD OF REVIEW

We review de novo a trial court's summary disposition decision. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). Defendant moved for partial summary disposition under MCR 2.116(C)(7). "MCR 2.116(C)(7) permits summary disposition because of release, payment, prior judgment, [or] immunity granted by law." *Clay v Doe*, 311 Mich App 359, 362; 876 NW2d 248 (2015) (quotation marks and citation omitted; alteration in original). "When it grants a motion under MCR 2.116(C)(7), a trial court should examine all documentary evidence submitted by the parties, accept all well-pleaded allegations as true, and construe all evidence and pleadings in the light most favorable to the nonmoving party." *McLain v Lansing Fire Dep't*, 309 Mich App 335, 340; 869 NW2d 645 (2015).

Defendant also moved for partial summary disposition under MCR 2.116(C)(10). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). When considering a motion under MCR 2.116(C)(10), courts must consider the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). Summary disposition under MCR 2.116(C)(10) is proper if no genuine issue regarding any material fact exists and the movant is entitled to judgment as a matter of law. *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018). A genuine issue of material fact exists "when reasonable minds could differ on an issue

after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). We review de novo a trial court's interpretation of a release which is a question of law. *Radu v Herndon & Herndon Investigations, Inc*, 302 Mich App 363, 374; 838 NW2d 720 (2013).

## III. ANALYSIS

### A. INTERPRETATION OF THE RELEASES

Plaintiff first argues that the trial court erred by ruling that the releases were unambiguous, and therefore, declined to consider extrinsic evidence to establish the parties' intent. We disagree.

Contract law applies to disputes regarding the terms of a release. *Shay v Aldrich*, 487 Mich 648, 660; 790 NW2d 629 (2010). "The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties." *Fromm v MEEMIC Ins Co*, 264 Mich App 302, 305; 690 NW2d 528 (2004) (quotation marks and citation omitted). "The scope of a release is governed by the intent of the parties as it is expressed in the release." *Adell v Sommers, Schwartz, Silver and Schwartz, PC*, 170 Mich App 196, 201; 428 NW2d 26 (1988).

> If the text in the release is unambiguous, we must ascertain the parties' intentions from the plain, ordinary meaning of the language of the release. The fact that the parties dispute the meaning of a release does not, in itself, establish an ambiguity. A contract is ambiguous only if its language is reasonably susceptible to more than one interpretation. If the terms of the release are unambiguous, contradictory inferences become "subjective, and irrelevant," and the legal effect of the language is a question of law to be resolved summarily. [*Gortney v Norfolk & Western R Co*, 216 Mich App 535, 540-541; 549 NW2d 612 (1996) (citations omitted).]

In this case, the record reflects that the parties settled their dispute and entered two releases. The first release provided for plaintiff's full release and discharge of defendant from all liability under the subject insurance policy for all no-fault benefits up through and including October 16, 2015, in return for defendant's payment of the settlement amount. We find no ambiguity in the language of this release. The terms of the second release specify plainly that the parties intended that the $210,000 settlement included payment of all attendant care services provided to plaintiff through October 17, 2015, and payment of that sum constituted payment of all payable benefits. We find no ambiguity in the language of this release. Although the no-fault release and the attendant care release specify two different dates, the two documents are not rendered ambiguous regarding the parties' intent for the subject of the releases or their scope. The date differences do not signify that the subject of the releases limited the settlement only for attendant care services and not all no-fault benefits. The parties plainly agreed to resolve all disputed claims and plaintiff agreed to release and discharge defendant from all liability for such claims. The trial court did not err by finding that the releases lacked ambiguity.

"The parol evidence rule may be summarized as follows: '[p]arol evidence of contract negotiations, or of prior or contemporaneous agreements that contradict or vary the written contract, is not admissible to vary the terms of a contract which is clear and unambiguous.' " *UAW-GM Human Resource Ctr v KSL Recreation Corp*, 228 Mich App 486, 492; 579 NW2d 411

(1998), quoting *Schmude Oil Co v Omar Operating Co*, 184 Mich App 574, 580; 458 NW2d 659 (1990). The plain language of the no-fault release expressly states that the subject of the release covered all no-fault benefits and claims for benefits. Because the language of the releases lacked ambiguity, the trial court correctly declined to consider parol evidence. *Id.*

Plaintiff argues further that the no-fault release is ambiguous because it contains contradictory terms by stating that it relates to "any losses" without a temporal limit and then later specified a temporal limitation. We disagree because the first term is merely a recital, a preliminary statement in the contract that explained the reasons the party entered into the transaction. Recitals are either particular or general. *Acme Cut Stone Co v New Ctr Dev Corp*, 281 Mich 32, 47; 274 NW 700 (1937). "Particular recitals involving a statement of fact are, as a rule, to be treated as conclusive evidence of the facts stated; while general recitals may not be." *Id.* (quotation marks and citation omitted). "[W]here a contract contains specific and general terms, the specific terms normally control over the general terms." *Village of Edmore v Crystal Automation Sys Inc*, 322 Mich App 244, 263; 911 NW2d 241 (2017).

The recital in the no-fault release stated a general recital of the parties' intent to resolve "all disputes concerning any benefits or claims under the policy for any losses whatsoever." The second, more specific term established the parties' intent to settle all of plaintiff's claims for no-fault benefits incurred through October 16, 2015. That specific term controlled over the general first term and did not create an ambiguity as contended by plaintiff. Accordingly, the trial court correctly ruled that plaintiff could not introduce extrinsic evidence to vary the release's plain language concerning the release.

Plaintiff similarly argues that the attendant care release contains an ambiguity because one sentence states that the release covers all payable no-fault benefits while another sentence specifies attendant care services. We disagree because the first sentence provides that plaintiff's guardian acknowledged her consent to the settlement of all claims for no-fault benefits and the second sentence plainly specifies that the payment of the settlement amount included defendant's payment of all attendant care services up to the specified date. These sentences do not contradict each other and no ambiguity exists regarding their meanings. Accordingly, the trial court did not err in this regard.

Plaintiff next argues that the two releases, when read together, create an ambiguity regarding the subject matter of the releases, as well as the temporal limitation of the releases. We disagree.

The no-fault release concerns all no-fault benefits and the attendant care release focused more specifically on attendant care services and acknowledged the settlement's resolution of all disputes regarding plaintiff's claims for no-fault benefits. The two releases, when read together, harmoniously cover all such claims. The word "all" encompassed attendant care services. See *Cole v Ladbroke Racing Mich, Inc*, 241 Mich App 1, 14; 614 NW2d 169 (2000) (stating that "there is no broader classification than the word 'all.'") (citation omitted). Thus, there is no contradiction concerning the subject of the two releases.

B. SETTING ASIDE THE NO-FAULT RELEASE

Plaintiff argues that the trial court erred by refusing to set aside the no-fault release under MCR 2.612(C)(1). We disagree.

"The proper interpretation and application of a court rule is a question of law, which we review de novo." *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009). "A trial court's decision on a motion for relief from judgment is reviewed for an abuse of discretion." *Yee v Shiawasse Co Bd of Comm'rs*, 251 Mich App 379, 404; 651 NW2d 756 (2002). An abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes. *CD Barnes Assoc, Inc v Star Heaven, LLC*, 300 Mich App 389, 422; 834 NW2d 878 (2013).

"Well-settled policy considerations favoring finality of judgments circumscribe relief under MCR 2.612(C)(1)." *Rose v Rose*, 289 Mich App 45, 58; 795 NW2d 611 (2010). Plaintiff's arguments only relate to MCR 2.612(C)(1)(a), (b), (c), and (f), which provides as follows:

> On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
>
> (a) Mistake, inadvertence, surprise, or excusable neglect.
>
> (b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).
>
> (c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.
>
> * * *
>
> (f) Any other reason justifying relief from the operation of the judgment.

"A motion for relief from judgment under subrules (a), (b), or (c) must be made within one year after the judgment." *Rose*, 289 Mich App at 52, citing MCR 2.612(C)(2).

As an initial matter, plaintiff's request to set aside the no-fault release under MCR 2.612(C)(1) was not properly before the trial court because plaintiff did not file a motion for relief from judgment. See MCR 2.612(C)(1) ("*On motion* and on just terms . . . ."). Plaintiff merely argued that the trial court should set aside the no-fault release as part of plaintiff's response to defendant's motion for summary disposition. Even if plaintiff's request to set aside the no-fault release did not need to be brought by motion, plaintiff failed to seek relief within one year of the judgment as required under MCR 2.612(C)(2) respecting relief based on subparts (C)(1)(a), (b), or (c). The parties executed the no-fault release on November 12, 2015, and the trial court dismissed plaintiff's first lawsuit on November 18, 2015. Plaintiff first claimed that he was entitled to relief from judgment in plaintiff's response to defendant's motion for partial summary disposition on January 3, 2017, more than one year after the first case's dismissal. Therefore, plaintiff failed to

timely seek relief from judgment under MCR 2.612(C)(1)(a), (b), and (c). MCR 2.612(C)(2); *Altman v Nelson*, 197 Mich App 467, 477-478; 495 NW2d 826 (1992).

Defendant argues that plaintiff cannot seek relief from the no-fault release because plaintiff has not tendered back the $210,000 settlement amount. We agree.

"A plaintiff may challenge a release on the basis of fraud, but not until he has tendered the consideration he received in exchange for the release." *Collucci v Eklund*, 240 Mich App 654, 659; 613 NW2d 402 (2000). Plaintiff has not tendered back the settlement amount before, or at the time of, the filing in the complaint. "Consequently, the release effectively bars plaintiff's claims unless he can demonstrate that one of the exceptions to the tender-back requirement applies." *Id*. "The only recognized exceptions in Michigan [to the tender-back requirement] are a waiver of the plaintiff's duty by the defendant and fraud in the execution." *Stefanac v Cranbrook Ed Community (After Remand)*, 435 Mich 155, 165; 458 NW2d 56 (1990). Defendant did not waive plaintiff's duty to tender back the settlement amount because defendant raised the release as an affirmative defense. *Collucci*, 240 Mich App at 660. Although plaintiff has raised fraudulent misrepresentation as a defense to the no-fault release, plaintiff asserts fraud in the inducement, not fraud in the execution. See *Stefanac*, 435 Mich at 165-166 (discussing the difference between fraud in the inducement and fraud in the execution). Because plaintiff failed to tender back the settlement amount, and the two exceptions to the tender-back requirement are not present, the no-fault release precludes plaintiff's claim. *Collucci*, 240 Mich App at 658-661.

Finally, plaintiff argues that the no-fault release must be set aside under MCR 2.612(C)(1)(f). We disagree.

In order for relief to be granted under MCR 2.612(C)(1)(f), the following three requirements must be fulfilled: (1) the reason for setting aside the judgment must not fall under subsections a through e, (2) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside, and (3) extraordinary circumstances must exist that mandate setting aside the judgment in order to achieve justice. Generally, relief is granted under subsection f only when the judgment was obtained by the improper conduct of the party in whose favor it was rendered. [*Heugel v Heugel*, 237 Mich App 471, 478-479; 603 NW2d 121 (1999) (citations omitted).]

Here, the first factor is satisfied because plaintiff is not entitled to relief from judgment on the basis of MCR 2.612(C)(1)(a) through (e). Plaintiff, however, cannot establish the second requirement because defendant's substantial rights would be detrimentally affected if the no-fault release is set aside. The parties negotiated and voluntarily settled their dispute and memorialized provisions of that settlement in the releases executed by plaintiff's guardian on his behalf. Defendant paid the required consideration for the settlement and releases. Plaintiff also cannot establish the third requirement because no extraordinary circumstances exist justifying setting aside the no-fault release to achieve justice. Defendant negotiated the release with plaintiff, and in exchange for plaintiff releasing defendant from all liability for all no-fault benefits, paid plaintiff $210,000. The record reflects that plaintiff had representation by counsel during the settlement negotiations. Further, plaintiff's guardian acknowledged in each release that she read each and understood the terms. The no-fault release plainly states the terms of and conditions of the parties'

settlement. The record does not indicate any extraordinary circumstance that would justify setting aside the no-fault release. Accordingly, the trial court did not abuse its discretion when it decline to set aside the no-fault release.

Affirmed.

/s/ James Robert Redford
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto